UNITED STATES of America, Plaintiff,

v.

Lewis "Butch" JEFFERSON, Defendant.

Crim. No. 88–112.

United States District Court,
N.D. West Virginia.

April 9, 1992.

Thomas O. Mucklow, Asst. U.S. Atty., Wheeling, W.Va., for plaintiff.

Frank Cleckley, Morgantown, W.Va., for defendant.

### ORDER

MAXWELL, Chief Judge.

On February 27, 1989 the above-named defendant, having been convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and collection of extensions of credit by extortionate means in violation of 18 U.S.C. § 894, was sentenced to the custody of the United States Bureau of Prisons for a term of eighty-four (84) months to be followed by a term of five (5) years supervised release. Upon consideration of the government's motion for a reduction of sentence for substantial assistance pursuant to Rule 35(b), Federal Rules of Criminal Procedure, the Court, by order entered April 30, 1990, reduced the referenced term of incarceration to sixty-four (64) months. In light of the government's motion, the Court indicated that the possibility of additional reductions would be taken under advisement in the event continued cooperation by the defendant would warrant supplemental motions by the government. Although the defendant has indicated his willingness to further cooperate with the authorities, such a motion has not been forthcoming.

On August 14, 1991 the Court received the defendant's Motion to Finalize Sentence urging that the defendant's medical conditions have been aggravated by prison life and compounded by the medical care which has been provided by the Bureau of Prisons. The defendant requests that the Court modify the sentence imposed to reflect a sentence of home detention for the remainder of the term. The defendant suggests that such a modification would be in keeping with the intent of Rule 35 and the Sentencing Guidelines Policy Statement § 5H1.4. The government has responded that the Court is without jurisdiction to so modify the defendant's sentence.

In light of the defendant's assertion that his medical treatment has caused his conditions to deteriorate, the Court directed the government to file a supplemental response, including a report of the defendant's medical condition and a summary of the medical attention which the defendant has received while in custody. That response was filed on January 23, 1992 and has been reviewed by the Court. In the opinion of Dr. George H. Klinkerfuss, neurologist at the United States Medical Cen-

ter for Federal Prisoners, Springfield, Missouri, the defendant currently has no acute or life threatening illnesses.

While a review of the defendant's motion and Dr. Klinkerfuss' report would indicate that the defendant may be an individual whose medical condition may be described as an extraordinary physical impairment within the purview of the policy statements of the United States Sentencing Commission regarding physical condition,[1] the policy statements are only one of the many factors which a court must consider in the determination of an appropriate sentence, as guided by 18 U.S.C. § 3553; Rule 35, Federal Rules of Criminal Procedure; or Guideline § 5K1.1.

The Bureau of Prisons is guided by 18 U.S.C. § 3621 in its designation of an appropriate correctional facility for those committed to its custody and must, of course, ensure that the constitutional safeguards of appropriate medical care are preserved. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Still, even in situations where the Director of the Bureau of Prisons makes a motion for the modification of a term of imprisonment, the Court is guided by the factors set forth in 18 U.S.C. § 3553, the primary sentencing statute, and must find "extraordinary and compelling reasons" for reduction of a term. Moreover, any such reduction must be consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c).

Accordingly, the Court must await the motion of the government, that of the Director of the Bureau of Prisons, or that of the defendant establishing a compelling need for modification in the conditions or nature of confinement which serves the sentence imposed in this criminal matter. Based upon the record now before the Court, the defendant's motion must be, and the same is hereby, DENIED.

---

1. *See* Guideline § 5H1.4 as amended effective November 1, 1991.